UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELLA MANKO,

                Plaintiff,

      -against-

LENOX HILL HOSPITAL, ET AL.,

                Defendants.

21-CV-1725 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

    Plaintiff filed this action *pro se* without prepayment of the filing fee. By order dated July 11, 2013, Plaintiff was barred from filing any new action *in forma pauperis* without first obtaining from the Court leave to file. *See Manko v. Schlesinger*, No. 1:12-CV-9059 (LAP) (S.D.N.Y. July 11, 2013) (ECF 11). On March 1, 2021, the Court dismissed this complaint without prejudice for Plaintiff's failure to comply with the July 11, 2013 order. The Court of Appeals dismissed her appeal from the dismissal order because the appeal lacked "an arguable basis either in law or in fact." *Manko v. Lenox Hill Hosp.*, No. 21-0814 (2d Cir. Jan. 5, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995)).

    Months after Plaintiff's appeal was dismissed, on April 18, 2022, Plaintiff filed an application asking the Court to "restore the civil action" and issue summonses for the dozens of defendants named in this complaint. (ECF 10.) The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A.  **Motion for Reconsideration under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff seeks to vacate the 2013 bar order on the ground that she "was not aware of all public orders against her." (ECF 10 at 8.) If Plaintiff seeks reconsideration of an order in *Manko*, ECF 1:12-CV-9059 (LAP), she must move for relief in that action.

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d

Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 10) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 9, 2022
        New York, New York

_____
COLLEEN McMAHON
United States District Judge