UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELLA MANKO,

                    Plaintiff,

            -against-

LENOX HILL HOSPITAL, ET AL.,

                    Defendants.

21-CV-1725 (CM)

ORDER

COLLEEN MCMAHON, United States District Judge:

The Court dismissed this action without prejudice on March 1, 2021, on the ground that

Plaintiff is barred under 28 U.S.C. § 1651 from filing any new action without leave of court, which

she had not obtained. *See Manko v. Schlesinger*, ECF 1:12-CV-9059, 11 (S.D.N.Y. July 11, 2013).

The Court of Appeals dismissed as frivolous Plaintiff's appeal from that order of dismissal. *Manko

v. Lenox Hill Hosp.*, No. 21-814 (2d Cir. Jan. 5, 2022). Plaintiff then sought reconsideration of the

order of dismissal (ECF 10), which the Court denied (ECF 11), and the Court of Appeals dismissed

Plaintiff's appeal from the order denying reconsideration as untimely, *Manko v. Lenox Hill Hosp.*,

No. 22-1541 (2d Cir. Jan. 5, 2022).

In the order denying Plaintiff's motion for reconsideration, the Court stated the following:

"The Clerk of Court will only accept for filing documents that are directed to the United States

Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or

meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from

filing further documents in this action." (ECF 11 at 3.) Undeterred, Plaintiff filed another motion

for reconsideration, which was more than 800 pages long. (ECF 14.) Because the Court had

already notified Plaintiff that it would accept for filing in this closed action only documents

directed to the Court of Appeals, the Court directs the Clerk of Court to strike Plaintiff's 800-plus page motion for reconsideration from the docket (ECF 14) and terminate that motion.

Because Plaintiff continued to file frivolous documents in this closed action, on January 30, 2023, the Court directed Plaintiff to show cause why she should not be prohibited from filing any further papers in this long-closed matter without leave of court. (ECF 15.) On March 1, 2023, Plaintiff filed an opposition to the order to show cause, in which she seeks additional time to respond but does not provide any reason why she should be permitted to continue filing documents in this closed action. Without waiting for a response from the Court, on March 4, 2023, Plaintiff filed a notice of appeal from the non-final order to show cause. During the pendency of the appeal, Plaintiff also filed a 93-page motion, seeking an extension of time to appeal and raising numerous unrelated matters (ECF 21).

Plaintiff's improper interlocutory appeal of a non-final order does not deprive the Court of jurisdiction of this matter. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that it did not divest the district court of jurisdiction). The Court notified Plaintiff of its intention to direct the Clerk not to accept any further documents for filing in this case and provided her an opportunity to respond. Plaintiff opposed the order but has not shown any reason why the Court should not enter such an order, and indeed she has continued to file frivolous documents. Accordingly, the Court directs the Clerk of Court not to accept further documents from Plaintiff for filing in this action. This includes any documents directed to the Court of Appeals, with the sole exception of an appeal of this order.

Plaintiff moves for leave to proceed *in forma pauperis* on appeal from the order to show cause. (ECF 19.) The Court certifies under 28 U.S.C. § 1915(a)(3) that Plaintiff's appeal is not

taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

## CONCLUSION

The Clerk of Court is directed to strike Plaintiff's motion for reconsideration (ECF 14), pursuant to its direction that the Clerk "only accept for filing [in this action] documents that are directed to the United States Court of Appeals for the Second Circuit." (ECF 11). The Court denies Plaintiff's motion for an extension of time to appeal and other relief (ECF 21).

The Court certifies under 28 U.S.C. § 1915(a)(3) that Plaintiff's appeal is not taken in good faith, and therefore Plaintiff's application to proceed *in forma pauperis* on appeal (ECF 19) is denied. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court not to accept further documents from Plaintiff for filing in this action, with the sole exception of a notice of appeal of this order.

SO ORDERED.

Dated:   *10 July 2023*
            New York, New York

COLLEEN McMAHON
United States District Judge